IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIRGINA CROOMS, c/o James Byrd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-00336 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Bryant |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Pending before the Court is Plaintiff Virginia Crooms's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (Doc. No. 22), filed with a an affidavit of Ms. Crooms's attorney (Doc. No. 22-1), a Memorandum in Support (Doc. No. 22-2), and an Assignment of EAJA Fee signed by Ms. Crooms (Doc. No. 22-3). Ms. Crooms's counsel seeks $4,146.40 in attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A). (Doc. No. 22 at 1.) Defendant Commissioner of Social Security filed a Response to the Motion, stating she has no objection to Ms. Crooms's request. (Doc. No. 23.)

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files for the fees within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(A)–(B) (2012). In social security cases, a sentence of remand to the Commissioner by the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993).

Here, on November 20, 2013, Defendant filed a Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g), with Remand to Defendant ("Motion for Remand"), requesting the Court enter judgment reversing the ALJ's decision to deny benefits to Ms.

1

Crooms and remand the case to the Commissioner. (Doc. No. 17.) The Court subsequently granted the Motion for Remand on December 9, 2013. (Doc. No. 20.) Ms. Crooms filed the instant Motion on December 19, 2013. (Doc. No. 22.) Ms. Crooms's attorney requests $4,146.40 in fees, based on 22.3 hours of work at a rate of $168.00 per hour and a $400 filing fee. (Doc. No. 20-2 at 3.) The Commissioner does not object to the award and states that it will be paid to Ms. Crooms's attorney, subject to any applicable offsets for pre-existing debt Ms. Crooms owes the Government. (Doc. No. 23 at 1.)

The Court finds that $4,146.40 is a reasonable award for the work performed by Ms. Crooms's counsel. Accordingly, the Motion (Doc. No. 22) is **GRANTED**.

It is so ORDERED.

Entered this the 7th day of January, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT